[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case has been remanded to the trial court by the Appellate Court for consideration of the remaining issues raised in the amended petition for writ of habeas corpus. The trial court's earlier decision granting the writ of habeas corpus and ordering of a new trial based on two of the petitioner's claims was reversed in Johnson v. Commissioner of Correction, 36 Conn. App. 695
(1995).
The petitioner alleges in his amended petition that his trial counsel rendered ineffective legal assistance in several respects. He alleges that his trial counsel failed to object to "inadmissible character evidence" in that she failed to object to testimony by two witnesses for the State during the trial that the petitioner, who was wearing a crucifix at the time of trial, had not been wearing a crucifix at the time of the alleged crime. Although the petitioner's trial counsel did fail to object to questions about the crucifix, she also elicited testimony from him at trial through which he explained that a friend had made the crucifix for him and that at the time of trial, he was "following Christ."
The petitioner has not cited any authority to support his contention that the questions about the crucifix elicited inadmissible testimony. Moreover, the court cannot find that the petitioner was prejudiced by the brief testimony relating to the crucifix. To be successful on a claim of ineffective assistance of counsel, the petitioner must show not only a deficiency in performance, but also prejudice to the defense from that deficient performance. Strickland v. Washington,466 U.S. 668, 687, 695 (1984). The petitioner has failed to meet CT Page 7943 his burden of proof with respect to this claim.
The petitioner also alleges that he received ineffective assistance of counsel in that his trial counsel failed to object to "inflammatory rhetoric and mischaracterization of the evidence" in the state's attorney's closing argument to the jury. The petitioner's claim is limited to a single statement. During closing argument, the state's attorney referred to the Albert Hitchcock movie "Psycho." He argued that the petitioner's testimony about what happened between the petitioner and the alleged victim was similar to the "scene from `Psycho' [where] the lady's in the shower and the butcher knife comes through the shower curtain." The state's attorney apparently made a stabbing motion with his arm while making this statement. The petitioner's trial counsel did not object to the state's attorney's statement.
It is well-established that to be successful on a claim of ineffective assistance of counsel, a petitioner must show both (a) that counsel's performance was deficient and (b) that the deficient performance prejudiced the defense. Strickland v.Washington, supra, 466 U.S. 687. A court is not required to determine the first factor, deficient performance, before examining the second factor, prejudice. Id., 697. A court may dispose of a claim for lack of prejudice if it is easier to do so. Id.
The state's attorney's reference to "Psycho" in his closing argument was inflammatory and improper. However, it was a single remark within an otherwise proper closing statement. The court cannot find actual prejudice, nor that without the remark, the jury might have found the defendant not guilty. Id., 695.
The petitioner's remaining allegations of ineffective assistance of counsel are also without merit. His claim that his counsel had a conflict of interest was withdrawn on the record after trial counsel completed her testimony. The petitioner presented no evidence or insufficient evidence to sustain his claims that trial counsel failed to present testimony from available witnesses in support of the petitioner's defense, that trial counsel failed to adequately impeach the state's witnesses, and that trial counsel failed to adequately cross examine the state's witnesses. The petition is denied. CT Page 7944
/s/ Vertefeuille, J. VERTEFEUILLE